UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE H., <br><br>                            Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br>                            Defendant. | Case No.: 3:18-CV-02328 JLS (RNB) <br><br> **ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; (4) REVERSING THE DECISION OF THE COMMISSIONER; AND (5) REMANDING FOR FURTHER ADMINISTRATIVE ACTION** <br><br> (ECF Nos. 15, 16, 19) |

Presently before the Court are Plaintiff Michelle H.'s Motion for Summary Judgement ("Pl. Mot.," ECF No. 15) and a Cross-Motion for Summary Judgement filed by Defendant Andrew Saul ("Def.'s Mot.," ECF No. 16). Magistrate Judge Robert N. Block has issued a Report and Recommendation ("R&R," ECF No. 19) recommending that the Court grant Plaintiff's Motion, deny Defendant's Motion, and that judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings. Having reviewed the Motions, Magistrate Judge Block's

R&R, and the underlying administrative record, the Court **ADOPTS** Magistrate Judge Block's R&R in its entirety, **GRANTS** Plaintiff's Motion, **DENIES** Defendant's Motion, **REVERSES** the decision of the Commissioner, and **REMANDS** this matter for further administrative action.

## BACKGROUND

Magistrate Judge Block's R&R contains a complete and accurate recitation of the relevant factual and procedural histories underlying the instant Motions. *See* R&R at 2–4. This Order incorporates by reference the background as set forth therein.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

In the present case, neither Party has filed objections to Magistrate Judge Block's R&R. *See generally docket*; *see also* R&R at 19 (ordering that any objection be filed no later than December 18, 2019). Having reviewed the R&R, the Court finds that it is thorough, well-reasoned, and contains no clear error.

In the administrative hearing decision, the Administrative Law Judge ("ALJ") determined that Plaintiff had several severe impairments, including cardiomyopathy, depression, anxiety, Hashimoto's thyroiditis, asthma, and right shoulder impingement. *See* R&R at 3 (citing AR 20–21). As part of the determination process, the ALJ also found that Plaintiff's medically determinable impairments of lumbago and cervicalgia, goiter and

esophagitis, and fibromyalgia were nonsevere. *Id.* (citing AR 20–21). The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform light work and that Plaintiff was not disabled. *Id.* at 3–4 (citing AR 30–32).

In his R&R, Magistrate Judge Block determined that, in reaching these conclusions, the ALJ did not properly account for Plaintiff's alleged symptoms and limitations related to fibromyalgia, lumbago, and cervicalgia impairments. *Id.* at 13. First, Judge Block found the ALJ erred in finding that Plaintiff's fibromyalgia, lumbago, and cervicalgia were nonsevere impairments. because that finding was not supported by the record. *Id.* at 7–11(citing AR 21). For example, Judge Block found "the fact that [P]laintiff continued to present with back and neck pain throughout the period relevant to her benefits application belies the ALJ's . . . assertion" of successful medical management. *Id.* at 11.

Second, Judge Block found the ALJ failed to make a proper adverse credibility determination regarding the Plaintiff's subjective pain and physical symptom testimony relating to the aforementioned impairments. *Id.* at 14. The ALJ supported the adverse credibility determination by citing to Plaintiff's daily activities, the "routine" and "conservative" character of her treatment, the purported success of her medical treatment, and the inconsistencies between her statements and the medical record. *Id* at 14–17. Judge Block concluded, however, that all of the ALJ's suggested reasons were either unsupported by Plaintiff's medical record or legally insufficient to support a "clear and convincing" determination of adverse credibility. *Id.* at 17–18. (citing *Burrell v. Colin*, 775 F.3d 1133,1136 (9th Cir. 2014)).

For these reasons, Magistrate Judge Block concluded that the ALJ erred by failing to consider all the relevant evidence in determining the severity of Plaintiff's medically determinable impairments as well as failing to incorporate Plaintiff's subjective testimony in determining Plaintiff's RFC. *Id.* at 13. Consequently, Judge Block recommends the Court grant Plaintiff's Motion, deny Defendant's Motion, and remand the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). *Id* at 19.
///

After review, the Court finds no clear error in Judge Block's findings and recommendations. Further, the Court agrees that remanding pursuant to 42 U.S.C. § 405(g) for further administrative proceedings is appropriate because additional proceedings could remedy the defects in the ALJ's decision and enhance the administrative record. *See id.*

## CONCLUSION

For the reasons stated above, the Court: (1) **ADOPTS** Magistrate Judge Block's R&R (ECF Nos. 15, 16) in its entirety, (2) **GRANTS** Plaintiff's Motion for Summary Judgment, (3) **DENIES** Defendant's Cross-Motion for Summary Judgment, (4) **REMANDS** the case to the Commissioner for further administrative actions. The Clerk of the Court **SHALL ENTER** judgment accordingly.

**IT IS SO ORDERED.**

Dated:  June 9, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge