UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE H.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　　　　　Defendant. | Case No.: 18-CV-2328 JLS (RNB)<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES**<br><br>(ECF No. 23) |

Presently before the Court is Plaintiff's attorney Laura E. Krank's ("Counsel") Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) ("Mot.," ECF No. 23). Also before the Court is Defendant's Statement of Non-Opposition to Plaintiff's Motion (ECF No. 25). Having considered Plaintiff's arguments and the law, the Court **GRANTS IN PART** Counsel's Motion.

## BACKGROUND

On October 10, 2018, Plaintiff filed a complaint pursuant to Section 405(g) of the Social Security Act. (*See generally* ECF No. 1). Plaintiff asked the Court to review the final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for social security disability insurance benefits. (*Id.*) Counsel filed the

1

complaint on Plaintiff's behalf pursuant to a signed contingency-fee agreement providing that Counsel, if successful, would receive 25% of the final back-pay award. (Declaration of Laura E. Krank ("Krank Decl.," ECF No. 23 at 20–22) ¶ 2). On September 13, 2019, Plaintiff filed a Motion for Summary Judgment, and on October 9, 2019, Defendant filed a Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. (ECF Nos. 15, 16). On October 24, 2019, Plaintiff filed a combined Reply in support of her Motion for Summary Judgment and Opposition to Defendant's Cross Motion for Summary Judgment. (ECF No. 18).

On December 4, 2019, Magistrate Judge Robert N. Block issued a Report and Recommendation finding that the Administrative Law Judge ("ALJ") erred by failing to consider all the relevant evidence in determining the severity of Plaintiff's medically determinable impairments and by failing to incorporate Plaintiff's subjective testimony when determining Plaintiff's residual functional capacity. (*See generally* Report and Recommendation ("R. & R."), ECF No. 19). Magistrate Judge Block recommended that the Court deny Defendant's Cross Motion for Summary Judgment, grant Plaintiff's Motion for Summary Judgment, enter judgment reversing the decision of the Commissioner, and remand the case for further proceedings. (*Id.* at 19.) On June 9, 2020, the Court adopted Magistrate Judge Block's R. & R. in its entirety. (ECF No. 20).

Before remand, the Parties filed a joint motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF No. 21). The Court granted the motion and awarded Plaintiff $5,000 in attorney's fees. (ECF No. 22).

On remand, the ALJ issued a fully favorable decision and found Plaintiff to be disabled as of May 14, 2013, which was her alleged disability onset date. (ECF No. 23-2). On July 27, 2021, the Commissioner issued a notice of award indicating that the retroactive benefits totaled $124,817. (Krank Decl. ¶ 4; ECF No. 23-3). The notice also stated: "We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee. We withheld $31,204.25 from your past due benefits in case we need to pay your representative." (ECF No. 23-3).

Counsel now returns to this Court to seek approval of an attorney's fee award of $31,200. Mot. at 1. Counsel served a copy of the Motion on Plaintiff and informed her that she could oppose the request. *Id*. at 2. Plaintiff has not done so. *See generally* Docket. The Commissioner filed a Statement of Non-Opposition to Plaintiff's Motion on September 21, 2021. (ECF No. 25).

## LEGAL STANDARD

Section 406(b) governs an attorney's right to recover fees in a successful Social Security case. The U.S. Supreme Court has held that,

> [m]ost plausibly read, . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (footnotes and citations omitted). Thus, in cases in which a contingent-fee agreement exists, a district court should first look to the contingency-fee agreement and then test it for reasonableness. *Id.* at 808.

The Supreme Court has instructed that a reduction of the fee award may be appropriate "based on the character of the representation and the results the representative achieved." *Id.* The Ninth Circuit subsequently explained that when analyzing the reasonableness of a fee award, a court "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 808). To this end, the Supreme Court has explicitly provided that

> the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment

> of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Gisbrecht*, 535 U.S. at 808; *see also Crawford*, 586 F.3d at 1151. Thus, in awarding fees, a district court may consider the lodestar calculation, but only as an aid in assessing the reasonableness of the fee. *Crawford*, 586 F.3d at 1151. It is important that the Court assess the reasonableness of the requested fees because, "while the attorney's compensation must be sufficient to encourage members of the bar to undertake representation of disability claimants, the disability award, from which the attorney's fee is paid, is normally an already-inadequate stipend for the support and maintenance of the claimant and [her] dependents." *Starr v. Bowen*, 831 F.2d 872, 873 (9th Cir. 1987) (quoting *MacDonald v. Weinberger*, 512 F.2d 144, 146–47 (9th Cir. 1975)).

The EAJA also permits an attorney to receive fees for successful Social Security representations. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1216–17 (9th Cir. 2012). Fees awarded pursuant to the EAJA are paid by the government rather than the claimant. *Id.* at 1218. Accordingly, while "[f]ee awards may be made under both prescriptions, . . . the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (second alteration in original) (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186).

## ANALYSIS

The Court begins its analysis of the § 406(b) award at issue by examining the contingency-fee agreement. Plaintiff's contingency-fee agreement authorizes Counsel to receive 25% of Plaintiff's past-due benefits. (ECF No. 23-1). Counsel seeks $31,200 in fees, equaling almost exactly 25% of past-due benefits paid or payable to Plaintiff. Thus, Counsel's request is within the statutory and contract-based maximum of 25% of past-due benefits. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 807. Based on the record before it, the Court finds no "fraud or overreaching" in the negotiation of this agreement.

*Crawford*, 586 F.3d at 1145.  Plaintiff has been given the opportunity to oppose Counsel's motion for fees, and she has not done so.  Further, the Court finds that a reduction in fees based upon "substandard performance [or] delay" is unwarranted.  Counsel ably represented Plaintiff and successfully obtained a favorable judgment resulting in a substantial award of past-due benefits, and the record presents no indication of delay.

The only *Crawford* factor that gives the Court pause is whether the benefits are in proportion to the time spent on the case.  Counsel spent 23.9 hours of attorney time and 3.6 hours of paralegal time[1] preparing for Plaintiff's case at the district court level, for a total of 27.5 hours.  (ECF No. 23-4).  Assessed against the proposed fee award, this amounts to a *de facto* hourly rate of approximately $1,134 ($31,200/27.5 hours) for both attorney and paralegal work.  Mot. at 6.  The Court concludes that such a high fee award would be disproportionate to the time spent on the case and would result in a "windfall" to Counsel, and thus warrants a reduction of fees.  *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).

The Court can find few cases in this District that have awarded attorney's fees in Social Security cases that equate to such a high hourly rate.  The only case Counsel cites to from this District is *Reddick v. Berryhill*, in which the court granted counsel's motion to reconsider and determined that the court had erred in reducing counsel's requested fees in a Social Security case by utilizing the lodestar approach.  *See* Mot. at 8 (citing *Reddick v. Berryhill*, No. 16-CV-29-BTM-BLM, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019)).  On reconsideration, the court found that an hourly rate of $1,990 ($43,000/21.6 hours) was reasonable. *See Reddick*, 2019 WL 2330895, at *2.  Such an award, however, appears to be an outlier in this District.  *Reddick* is further distinguishable from the present case

///

---

[1] The Court notes that upon its own calculation, the paralegal time equals a total of 4.1 hours instead of 3.6 hours, bringing the total amount of time expended to 28 hours.  (ECF No. 23-4).  Calculating the hourly rate using 28 hours, instead of 27.5 hours as Counsel suggests, would lower the hourly rate to approximately $1,114 ($31,200/28 total hours) instead of an $1,134 hourly rate.  This discrepancy does not alter the Court's analysis, however, so the Court will proceed using the numbers proffered by Counsel.

because counsel in *Reddick* only requested 19.45% of the past-due benefits, as opposed to the statutory cap of 25% that Counsel seeks in the present case. *Id*.

Some courts in this District have found relatively high hourly rates reasonable when the attorneys did not request the full statutory maximum of 25% of past-due benefits. *See Antonia M. v. Kijakazi*, No. 20CV75-MSB, 2021 WL 6051690 (S.D. Cal. Dec. 21, 2021) (finding a fee award of $10,000 for 10.35 hours of attorney and paralegal time, resulting in an hourly rate of $966.18, was reasonable where the requested fee award represented 14.14% of past-due benefits awarded to Plaintiff); *Escamilla v. Saul*, No. 17-CV-01621-BAS-JMA, 2020 WL 5064321 (S.D. Cal. Aug. 27, 2020) (finding $30,000 in fees reasonable for 11.2 hours of attorney time and 3.45 hours of paralegal time where the requested fee constituted 15.8% of past-due benefits). Even so, such cases appear to be the exception rather than the norm. *See Hunnicutt-Lott v. Comm'r of Soc. Sec.*, No. 12CV2741 AJB (KSC), 2015 WL 7302734 (S.D. Cal. Nov. 18, 2015) (finding an effective hourly rate of approximately $531 reasonable); *Hanes v. Colvin*, No. 13CV2625-GPC WMC, 2015 WL 5177768 (S.D. Cal. Sept. 3, 2015) (noting that the effective hourly rate of $742.19 "appears excessive," but also that such rates have been deemed reasonable and courts have accepted that de facto hourly rates may exceed those for non-contingency fee arrangements); *Ayersman v. Berryhill*, No. 17-CV-1121-WQH-JMA, 2021 WL 37717 (S.D. Cal. Jan. 5, 2021) (reasoning that "[a]lthough the average hourly rate of $787.40 is greater than the average rates for similar attorneys at other California-region firms . . . the requested award is only 12% of the total backpay award—less than half of the 25% agreed to in the contingency fee agreement."); *Avila-Mejia v. Berryhill*, No. 15-CV-0338 W (WVG), 2019 WL 141562 (S.D. Cal. Jan. 9, 2019) (finding hourly rate of approximately $413.15 was not unreasonable and compensated for the risk the firm took in working the case on a contingent fee); *Torres v. Berryhill*, No. 3:17-CV-01273-H-PCL, 2018 WL 1245106 (S.D. Cal. Mar. 9, 2018) (finding an hourly rate of $342 was not unreasonable and compensated the attorney for the risk he took in working the case on a contingent fee).
///

Counsel also cites an out-of-district case, *Harrell v. Berryhill*, to support her contention that an hourly rate of $1,134 would be reasonable. Mot. at 8 (citing *Harrell v. Berryhill*, No. 16-CV-02428-TSH, 2018 WL 4616735, *4 (N.D. Cal. Sept. 24, 2018)). In *Harrell*, on a motion to reconsider, the district court awarded plaintiff's counsel a fee that translated to an effective hourly rate of $1,213 per hour. *Id*. at *3. There, however, the magistrate judge had originally concluded that such an hourly rate was unreasonable because plaintiff's counsel had failed to substantiate his request by citing to any cases where he had been awarded such a high rate. *Id*. On the motion to reconsider, plaintiff's counsel presented the court with additional cases where he had in fact been awarded a similar hourly rate, and the court relied on those cases in concluding that such a rate was reasonable. *Id*. at *4.

Counsel in the present case has not done this. In fact, when requesting attorney's fees in this District in 2018 for another Social Security case, Counsel requested fees in the amount of approximately 18% of the total award for past-due benefits, where the hours expended by both Counsel and her paralegal totaled 21.4 hours, compared to the 27.5 total hours expended in the present case. *See Bullington v. Berryhill*, No. 11CV2459-LAB JMA, 2018 U.S. Dist. LEXIS 103524 at *3 (S.D. Cal. June 19, 2018). The court noted that granting Counsel's desired award would reflect an hourly rate of approximately $847 ($18,124.18/21.4 hours), and that "this rate is somewhat high." *Id*. The Court ultimately found that higher rate reasonable in part because Counsel "request[ed] less than the full amount available to her under the law, and the effective hourly rate that the award would yield is within the range contemplated in *Crawford*." *Id*.

The hourly rates found to be acceptable in *Crawford*—$519, $875, and $902—are all lower than the $1,134 that Counsel requests here. 586 F.3d at 1153. In addition, all three counsel in *Crawford* requested fees totaling significantly less than the 25% statutory maximum: 16.95% (Crawford); 15.12% (Washington); and 13.94% (Trejo). *Id*. at 1145–47.

///

The theme among the cases is consistent: most courts consider a higher hourly rate reasonable where plaintiff's counsel has requested less than the statutory maximum of 25% of past-due benefits. It is true that the Court cannot rely solely on the suggested hourly rate, nor the lodestar approach, to determine that a fee award would be unreasonable. But the Court here is not relying solely on the hourly rate, nor on the lodestar approach. *Crawford* also requires the Court to "look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153. Counsel has not argued that Plaintiff's case was significantly complex. Indeed, Plaintiff's Motion for Summary Judgment totaled 14 pages, and put forth three relatively straightforward arguments. (ECF No. 15). Plaintiff's combined Reply and Opposition brief was a total of 8 pages. (ECF No. 18). Nor has Counsel argued that Plaintiff's case was significantly risky. Plaintiff's case did involve fibromyalgia, a condition that some courts have considered to be riskier in the Social Security context. *See Benecke v. Barnhart*, 379 F.3d 587, 594 at n.4 (9th Cir. 2004) (noting that "specialized knowledge may be particularly important with respect to a disease such as fibromyalgia that is poorly understood within much of the medical community"); *Revels v. Berryhill*, 874 F.3d 648, 657 (9th Cir. 2017) (explaining the complexity of fibromyalgia); *Sarchet v. Chater*, 78 F.3d 305, 306 (7th Cir. 1996) (describing fibromyalgia as an "elusive and mysterious" disease). Counsel did not advance this argument in her Motion, *see generally* Mot.; nonetheless, the Court has afforded this fact suitable weight in fashioning an appropriate award.

By operating on a contingency-fee basis, Counsel assumes some risk of non-payment by taking on Social Security cases such as Plaintiff's. But the risk is not so high as to significantly depart from the amount of fees that this Court and others in this District have consistently found to be reasonable. Counsel not only requests the statutory maximum, but the proffered hourly rate is higher than rates generally considered reasonable in this District. Indeed, the rate is higher than that Counsel has previously accepted in this District. Counsel has not argued that Plaintiff's case falls within the

exception that would warrant awarding as high a fee as Counsel seeks, and it does not appear to the Court that this case was exceptional such that an outsized fee award is warranted. The Court therefore finds that the requested fee would result in a windfall to Counsel and that a reduction in fees is warranted under a reasonableness analysis.

Although the district court has discretion to determine a reasonable fee, it must provide a "concise but clear explanation of its reasons for the fee award." *Crawford*, 586 F.3d at 1152 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The Court finds that reducing the fee award from approximately 25% of past-due benefits to 20% of past-due benefits would be reasonable in this case. Counsel has previously requested 18% of past-due benefits for a case that involved 6.1 less hours of time than Plaintiff's case here, and Counsel was satisfied with an approximate hourly rate of $847. *See Bullington*, 2018 U.S. Dist. LEXIS 103524 at *3. Twenty percent of the past-due benefits in the present case results in a fee award of $24,963.40, and an effective hourly rate of approximately $907.76 ($24,963.40/27.5 hours). Although still higher than most other hourly rates awarded in this District, the Court finds that this award more adequately mirrors the risk and complexity of Plaintiff's case and falls closer to the range of hourly rates anticipated by *Crawford*.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** Counsel's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 23). The Court **AWARDS** attorney's fees in the amount of $24,963.40. Counsel **SHALL REIMBURSE** Plaintiff the EAJA fees awarded in the amount of $5,000. The Clerk of the Court **SHALL ENTER** judgment accordingly.

**IT IS SO ORDERED.**

Dated: April 18, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge